# New York City Court.

*Trial Term—February,* 1884.

## DILLON *against* THE AMERICAN SOCIETY FOR THE PREVENTION OF CRUELTY TO ANIMALS. (No. 1.)

Where an agent of the above society, appointed pursuant to an act of the Legislature, transcends his authority, he is personally liable therefor, and the society is not, unless it directed the act or approved of it afterwards.

McAdam, Ch. J.—The proofs show that Alonzo S. Evans, a special agent appointed by the defendant under chapter 11 of its by-laws, shot and killed a disabled horse belonging to the plaintiff, worth at the time about $75. The plaintiff seeks to hold the defendant liable for the shooting. There is no evidence showing that the defendant directed the shooting or had any knowledge of it until after it was done. The defendant contends that under these circumstances, and in view of the act of 1874 (ch. 12), in reference to said society, that the agent, if he transcended his duty, is personally answerable, and that no liability attaches to the corporation from the mere fact that the act was done by an agent whom it had selected. The act in question (§ 4) provides that " any agent or officer of said society may lawfully destroy, or cause to be destroyed, any animal found abandoned and not properly cared for, appearing in the judgment of two reputable citizens called by him to view the same in his presence, to be glandered, injured, or diseased past recovery for any lawful purpose." It appears, therefore, that the agent, although appointed by the defendant, derived his authority to shoot disabled animals, not from any inherent power in or delegated authority conferred upon the corporation, but from power vested in the agent, as

such, by legislative enactment,—the position occupied by the agent being likened to that of a police officer, who, although appointed by the Board of Police Commissioners, derives his authority from legislative sanction. The board would not be liable for the acts of the appointee, and an individual injured by the misconduct of the officer, so appointed, would have to seek redress from the appointee personally. There is a legal distinction between such appointees and those appointed by a private corporation (9 *Hun*, 401); but nevertheless I hold that the defendant cannot be charged for the misfeasance of its agent in respect to a duty not delegated to him by the corporation, but specially conferred upon him by statute for the public good, in the absence of evidence that the corporation directed the commission of the act complained of.

Upon this ground the complaint will be dismissed.

No appeal was taken.